IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 30, 2008
08CV3138     DAJ
JUDGE CONLON
MAGISTRATE JUDGE MASON

| | |
|---|---|
| AURORA PUMP, a Division of PENTAIR PUMP GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MCLEMORE PUMP, INC., <br><br> Defendant. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO._____ <br> § <br> § <br> § <br> § <br> § <br> § |

## COMPLAINT

Aurora Pump, a Division of Pentair Pump Group, Inc. ("Aurora" or "Plaintiff") files this Complaint against McLemore Pump, Inc., and pursuant to the Federal Rules of Civil Procedure states as follows:

### I.   PARTIES

1. Aurora Pump, a Division of Pentair Pump Group, Inc., is a Delaware corporation, and the principal place of business of the Aurora Pump divisional office is located in North Aurora, Illinois.

2. Defendant, McLemore Pump, Inc., ("McLemore" or "Defendant"), is a Colorado company with its principal place of business in Denver, Colorado. Service of process may be served according to Federal Rule of Civil Procedure 4 upon McLemore's registered agent, J.R. McLemore, 6345 Downing Street., Denver, Colorado 80216.

### II.   JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case in accordance with 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and because the parties are citizens of different states.

4. This Court has personal jurisdiction over Defendant in that it voluntarily made contact with the State of Illinois and has continuously and systematically conducted business in the State of Illinois.

5. Venue is appropriate in this District in accordance with 28 U.S.C. § 1391 in that a substantial part of the events giving rise to Plaintiff's claims occurred within this district.

## III. FACTS

6. Plaintiff sold to and delivered to Defendant certain goods, wares and merchandise (the "Merchandise"). In consideration for the foregoing, Defendant agreed to pay Plaintiff its reasonable and customary price for the Merchandise. As of May 2, 2008, Defendant is indebted to Plaintiff for the Merchandise in the principal amount of $134,337.58.

7. Plaintiff has sold and delivered the Merchandise to Defendant as agreed. Plaintiff has performed all conditions precedent to entitle it to recovery of the principal amount of $134,337.58.

8. Defendant has failed and refused and continues to fail and refuse to pay to Plaintiff the amounts due and owing for the Merchandise and is indebted to Plaintiff for the Merchandise in the principal amount of $134,337.58.[1]

9. Due to Defendant's failure to perform its obligation to pay for the Merchandise, Plaintiff has retained the Law Firm of Kane Russell Coleman & Logan PC ("KRCL"), to represent its interests and attempt to collect the amounts due and owing from Defendant. In an effort to collect the amounts due and owing Plaintiff, KRCL made demand for payment to Defendant on February 20, 2008.

---

[1] $52,702.60 of this debt was assumed by another party, but it has not been paid as of this date. When, and if, the amount is repaid by the other party, Defendant will still be liable to Plaintiff in the principal amount of $81,634.98.

## IV. CAUSES OF ACTION

### COUNT I. ACTION ON ACCOUNT

10. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-10.

11. At the special instance and request of Defendant, and in consideration of Defendant's agreement to pay the purchase price, Plaintiff sold and delivered to Defendant the Merchandise in the principal amount of $134,337.58.

12. A systematic record of the Merchandise sold and delivered to Defendant and payments made by Defendant was kept in the usual course of business of Plaintiff.

13. Defendant has failed and refused and continues to fail and refuse to pay the amounts due and owing to Plaintiff. As of May 2, 2008, Defendant is indebted to Plaintiff on the Open Account in the total amount of $134,337.58, for which Plaintiff now sues Defendant. The foregoing amount is just and true and all just and lawful offsets, payments and credits, to date, have been allowed.

### COUNT II. BREACH OF CONTRACT

14. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-14.

15. By reason of the foregoing acts or omissions of Defendant, Defendant has breached its agreement with Plaintiff to pay it for the Merchandise. Due to Defendant's breach of contract, as of May 2, 2008, Defendant is indebted to Plaintiff in the amount of $134,337.58, for which amount Plaintiff now sues Defendant.

### COUNT III. QUANTUM MERUIT

16. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-16.

17. Based on the foregoing, Plaintiff is entitled to recover under quantum meruit since Defendant, with full knowledge and consent, received the benefit of the goods and services provided by Plaintiff at Defendant's request and instance. Accordingly, Defendant is required to pay a reasonable fee for the benefits conferred and accepted, which is a sum no less than $134,337.58.

## CONDITIONS PRECEDENT

18. All conditions precedent to the maintenance of this cause of action and Plaintiff's recovery thereon have occurred or been performed.

**WHEREFORE,** Plaintiff requests that Defendant be cited to appear and answer herein and that upon final hearing of this cause, Plaintiff be granted judgment against Defendant, for the following: (a) the amounts due and owing to be proved at trial; (b) prejudgment interest on said amounts as allowed by law; (c) reasonable and necessary attorneys' fees to the extent allowed by law; (d) costs of court; (f) post-judgment interest as allowed by law; and (g) such other and further relief to which Plaintiff may show itself justly entitled.

Dated: May 29, 2008

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN PC

By: _____
David D. Ritter
Texas State Bar No. 00791534
(pro hac vice motion filed herewith)
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone: (214) 777-4200
Telecopy: (214) 777-4299

LEAD ATTORNEYS FOR AURORA PUMP, A DIVISION OF PENTAIR PUMP GROUP, INC.

ADELMAN & GETTLEMAN, LTD.

By: _____
Steven B. Chaiken, Esq.
53 W. Jackson Boulevard, Suite 1050
Chicago, IL 60604
Telephone: (312) 435-1050
Telecopy: (312) 435-1059

LOCAL COUNSEL FOR AURORA PUMP, A DIVISION OF PENTAIR PUMP GROUP, INC.